```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KENNETH FRILANDO,                              :
                Plaintiff,                     :
                                               :     MEMORANDUM DECISION
v.                                             :     AND ORDER
                                               :
DUTCHESS SCHOOL OF DRIVING, INC.,              :     15 CV 3972 (VB)
                Defendant.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Currently pending before the Court are (i) defendant's motion to stay this action pending a resolution of an action brought by plaintiff in the United States District Court for the District of New Jersey (Doc. #31), and (ii) a letter motion filed by plaintiff requesting a conference to discuss a contemplated motion to compel discovery.  (Doc. #36).

For the following reasons, both motions are DENIED.

**I.   Motion to Stay**

Plaintiff has brought two very similar lawsuits in two different federal district courts. First, on April 24, 2015, he filed a complaint in the United States District Court for the District of New Jersey against Bordentown Driver Training School.  (Frilando v. Bordentown Driver Training School, d/b/a Smith & Solomon, No. 2:15 CV 2917).  Then, on May 22, 2015, he filed the instant action against the Dutchess School of Driving.  Plaintiff, who is deaf, alleges in both cases that the defendant driving schools violated Title III of the Americans with Disabilities Act ("ADA") and its state analogues by failing to offer reasonable accommodations for plaintiff to participate in their commercial driving license training courses.

Defendant has moved for a stay of this case pending the outcome of the New Jersey action.

It is well recognized that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000).

In deciding whether to grant a stay, courts in this Circuit consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

<u>Kappel v. Comfort</u>, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996).

In addition, "[t]he party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" <u>American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.</u>, 474 F.Supp.2d 474, 482 (S.D.N.Y. 2007) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 255 (1936)).

Applying these standards, the Court concludes that a stay is not warranted here.

First, the relief plaintiff seeks in this case – namely, damages from defendant and injunctive relief to require defendant to accommodate his disability – will not be addressed or remedied in the New Jersey action. A stay would only delay plaintiff's ability to obtain a decision on the merits in this case and any relief to which it is entitled.

Second, defendant will not be unduly burdened by having this case continue on its anticipated track. Defendant primarily cites the duplication and cost of discovery in alleging hardship. But any discovery produced by defendant in this case would be wholly different from discovery produced by the defendant in the New Jersey action. Thus, although some of the discovery produced by plaintiff will be duplicative, the discovery produced by defendant will

not.  As a result, staying the case would only postpone, not alleviate, defendant's discovery obligations.

Third, judicial economy would not be served by a stay.  A decision in the New Jersey action would not dispose of any issues in this litigation, result in controlling law, or have binding effect in this case.  Moreover, plaintiff brought the New Jersey action only one month before this case.  It is not so far ahead that the New Jersey court will necessarily reach a resolution more expeditiously than the Court will here.

Ultimately, the parties in this litigation share an interest in resolving their dispute.  Staying the case will impede, not assist, that underlying objective.

## II.     Letter Motion for Discovery Conference

Plaintiff's request for a conference regarding a contemplated motion to compel (Doc. #36) is DENIED without prejudice.  The parties are reminded of their obligation to cooperate with each other in discovery, consistent with their obligations under Local Rule 26.4.  If they have disputes that must be resolved by the Court, they should file a joint letter on ECF outlining the nature of their disagreement.  The deadline for completion of discovery remains May 11, 2016, absent further order of the Court.  (Docs. ##18, 21).

## CONCLUSION

Accordingly, defendant's motion for a stay is DENIED, and plaintiff's letter motion requesting a conference regarding a contemplated motion to compel discovery is DENIED without prejudice.

The Clerk is directed to terminate both motions.  (Docs. ##31, 36).

Dated:  April 15, 2016
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge